COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


MELISSA PILLOW BLACKARD

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0827-07-3                            PER CURIAM
                                                      OCTOBER 30, 2007
DANVILLE DIVISION OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                            David A. Melesco, Judge

            (David A. Furrow; Allen (A.J.) Dudley, Jr.; Furrow & Dudley, P.C.,
            on brief), for appellant.  Appellant submitting on brief.

            (John Charles Blair, II, Assistant City Attorney; Jesse W. Meadows
            III, Guardian *ad litem* for the minor child, on brief), for appellee.
            Appellee and Guardian *ad litem* submitting on brief.


        Melissa Pillow Blackard, mother, appeals the trial court's decision dated March 12, 2007,

terminating her parental rights to her son.  On appeal, she contends the evidence was insufficient to

support the termination of her parental rights because (1) it did not prove that she failed, without

good cause, to remedy the conditions requiring foster care for her son, and (2) she was unable to

receive reasonable and appropriate services to remedy the situation due to her incarceration.  Upon

reviewing the record and briefs of the parties, we conclude the appeal is without merit.

Accordingly, we affirm the decision of the trial court.

                                      Background

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence proved

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Blackard's son was born on May 27, 2005. Deborah Fitzgerald, a social worker with the Danville Division of Social Services (DSS), removed the two-month-old child from the home of Donna Beame, the mother of a friend of Blackard's, on July 27, 2005. At the time of the removal, neither of the child's parents was present. Beame said she did not know who the child's father was, but knew Blackard was the child's mother. Fitzgerald located Blackard in the Danville City Jail and visited her on August 3, 2005. Blackard was scheduled for a release date in September 2007.

Blackard informed Fitzgerald of her pending charges in Pittsylvania County for forgery, uttering, and failure to appear. Blackard acknowledged using drugs, and the record indicates that she abused drugs and cocaine while pregnant with her son. Blackard does not know the identity of her son's father, but gave Fitzgerald several names of men who could be the father. Blackard suggested several relatives who might be able to care for her son, but none were able to take custody of the child. Initially, Blackard contacted Fitzgerald and inquired about her son. However, from July 2005 until February 21, 2007, Fitzgerald received only three letters from Blackard. In a written communication to Fitzgerald in December 2005, Blackard said she wanted to be a good mother and wanted the opportunity to be a parent. Blackard had not seen her son since July 28, 2005, when he was placed in the custody of DSS.

DSS offered Blackard services. Although DSS could not require her to take the services due to her incarceration, Blackard participated in offered services such as parenting classes. Blackard did not provide any documentation to the court or to DSS that she completed any of these services.

Blackard contacted Fitzgerald in March 2006 and asked DSS to reconsider its goal of termination of parental rights and stated she planned to attend GED and parenting classes upon her release. Fitzgerald has not heard from Blackard since a hearing in August 2006.

Blackard's son has been in Lisa Stork's foster care since April 27, 2006. Initially, the child had attachment problems. After working with Stork, the child became more loving and interacts

well with others.  Stork, an occupational therapist assistant who has ten years experience in pediatrics, wants to adopt the child.

At the termination hearing on February 20, 2007, Blackard explained that Beame took the child "for the day" on June 8, 2005 and never returned the child.  Blackard claimed she tried unsuccessfully to locate her child.  Blackard explained that she did not call the police to locate her child because of the numerous outstanding warrants for her arrest.  While incarcerated, Blackard said she attended classes in parenting, first aid, and child safety.  She claims to be working on her GED and said she works full-time in food preparation.  She said that starting the day after the termination hearing, she planned to begin Narcotics Anonymous and substance abuse classes. Blackard said she wanted the opportunity to be a parent and provide for her son, and was willing to continue with classes and any services provided.

Analysis

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990).  "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite these services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve

months from the date the child was placed in foster care." "[T]ermination of residual parental rights is a grave, drastic, and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), and we "'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

DSS proved by clear and convincing evidence that termination of Blackard's parental rights was in her child's best interests. The evidence is undisputed that Blackard abused drugs while she was pregnant with her son and then abandoned him when he was twelve days old. Although she claims she looked for her son, she failed to contact the police for assistance. Blackard's son has developed a strong bond with his foster mother, who wants to adopt him. Blackard has not maintained contact with her child and last saw her child when he was two months old. The child is now over two years old and does not know Blackard. Contrary to Blackard's claim that she had no opportunity to remedy the situation and DSS did not offer her reasonable and appropriate services, the record indicates that DSS offered services to Blackard but could not require her to participate in the services due to her incarceration. Although Blackard has taken advantage of the services offered to her while incarcerated, she continues to have drug abuse issues as evidenced by her claim that she planned to begin Narcotics Anonymous and drug abuse classes. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial court's finding that the DSS proved by clear and convincing evidence that Blackard's parental rights should be terminated pursuant to Code § 16.1-283(C)(2)

and that the termination of Blackard's parental rights was in her child's best interest.  Accordingly, we affirm the trial court's judgment.

Affirmed.